LEATHERS (UNITED STATES v.). See Case No. 15,581.

LEATHERS (WERK v.). See Case No. 17,-415.

LEAVENWORTH (JEWETT v.). See Case No. 7,312.

LEAVENWORTH (PACIFIC RAILROAD CO. v.). See Case No. 10,649.

LEAVENWORTH (RANLETT v.). See Case No. 11,569.

LEAVENWORTH, L. &. G. R. CO. (UNITED STATES v.). See Case No. 15,582.

## Case No. 8,165.

### In re LEAVENWORTH SAV. BANK.

[4 Dill. 363;[1] 14 N. B. R. 92; 3 Cent. Law J. 207.]

Circuit Court, D. Kansas. March 18, 1876.[2]

BANKRUPT ACT—CORPORATIONS—NUMBER AND VALUE OF CREDITORS.

Since the amendatory bankrupt act of June 22, 1874 (18 Stat. 178), the same proportion of creditors must join in the proceeding to force a corporation into bankruptcy that is required in the case of natural persons.

[Cited in Re Detroit Car Works, Case No. 3,-833; Re Oregon Bulletin Printing & Pub. Co., Id. 10,561.]

[In review of the action of the district court of the United States for the district of Kansas.]

In January, 1876, a petition in bankruptcy was filed by a single creditor against the Leavenworth Savings Bank, alleged to be a corporation organized and existing under the laws of the state of Kansas. An order to show cause was issued and served. On the return day, the bank appeared and moved to dismiss the petition, because it does not show that it is presented by one or more creditors of the bank, who constitute one-fourth in number, and whose debts amount to one-third of the provable debts of the bank. The district court sustained this motion, and dismissed the creditor's petition. [Case No. 8,166.] To reverse this order the petitioning creditor brings the case here by a petition of review.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
[2] [Affirming Case No. 8,166.]

Clough & Wheat for petitioning creditor. They cited and relied on: In re Oregon Bulletin Printing & Pub. Co. [Case No. 10,558]; New Lamp Chimney Co. v. Ansonia Brass & Copper Co. (Sup. Ct. U. S., October Term, 1875) 91 U. S. 656.

Lucien Baker, for the Leavenworth Sav. Bank.

DILLON, Circuit Judge. There is only one question in this case, but it is an important one. It is whether, under the existing law, the same proportion of creditors must join in the proceeding to force a corporation into bankruptcy that is required in the case of natural persons. Section 37 of the original bankrupt act (section 5122, Rev. St.) made moneyed, business, and commercial corporations subject to its provisions, and provided for voluntary and involuntary proceedings the same as in the case of ordinary debtors, except that no allowances were to be made to corporate debtors, and no discharges granted. And it is to be observed that this section (section 37) refers, by the nature of its provisions, to the sections of the bankrupt act, such as section 11, as to voluntary proceedings, and sections 39 and 40, as to involuntary proceedings, and sections 35 and 39, as to frauds, preferences, etc.

By the original act any one creditor, whose debts exceeded $300, could throw his debtor, whether a natural person, a copartnership, or a corporation, into bankruptcy, if such debtor had committed an act of bankruptcy. The provisions in this respect as to individual debtors, copartners, and corporations, were uniform. In the fall of 1873, what is known as the panic of that year occurred, which resulted in great distress and embarrassment to the monetary and commercial interests of the country. The existing provisions of the bankrupt act, arming a single creditor, in a time of financial stringency, with the terrible power of forcing a debtor into bankruptcy, against the wishes and interests of all the other creditors, and to the ruin of the debtor, were felt to be too severe, and this led congress to pass the amendatory act of June 22d, 1874. This act breathes but one spirit. All its provisions are in one direction. Every part of it is intended to relieve the severity of the act as it then stood. What should be deemed acts of bankruptcy was modified, and in every instance made more liberal towards the debtor. This was done by section 12, which amended section 39 of the original act, by substituting therefor an entirely new section. This new section contained the important requirement, in involuntary cases, that one-fourth, at least, of the debtor's creditors, representing at least one-third of the provable debts, must concur in the proceeding. These provisions were made retroactive in the most comprehensive terms, and the language, in this regard, throws no little

light upon the question now under consideration. "The provisions of this section shall apply to all cases of 'compulsory or involuntary bankruptcy, commenced since December 1, 1873, as well as to those commenced hereafter. And in all cases commenced since the 1st day of December, 1873, as well as those commenced hereafter, the court shall, if such allegation as to the number or amount of the petitioning creditors be denied by the debtor," etc., proceed to determine the same, and if the required proportion do not join, "the proceedings shall be dismissed."

It will be observed that no distinction is made or. suggested between proceedings against natural persons and proceedings against corporate debtors, but the sweeping language, twice repeated, is "all cases," which would include cases against both classes of debtors.

Again, there can be no doubt, as it seems to me, that corporate debtors would be entitled to the benefit of the legislation of 1874 as to what constitutes an act of bankruptcy, and as to what is necessary to make or establish a fraudulent preference. The result, then, is that many of the provisions of section 12 of the legislation of 1874 do apply to corporations. It would be singular if one part of that section applied to corporations and other parts did not; and it would require a. clear expression of the legislative intent to justify the court in thus construing the act. It is argued that such an intention is manifested by the language of section 5122 of the Revised Statutes. But this is only a re-enactment, with a verbal change, of section 37 of the original act, which, so far as it allows "any creditor" of a corporation, without reference to the number and amount of the other creditors, to throw the corporation into bankruptcy, is inconsistent with the legislation of 1874, and is therefore repealed by necessary implication. While it is true that the amended act and the Revised Statutes were passed on the same day, yet it is expressly provided that acts passed subsequent to December 1, 1873, are to have full effect notwithstanding the Revised Statutes. Section 5601. The amendatory bankrupt act falls within this provision, and there is no ground for claiming that, so far as it is in conflict with the Revised Statutes, the latter must not give way. Indeed, it will be observed that the amendatory bankrupt act does not refer to the Revised Statutes. but to the sections of the original bankrupt act; can it, therefore, be contended that it is void since it referred to sections that were then repealed? Surely not; and it is clear that, so far as there is any repugnance between the new act and the old, the latter must yield.

There is no reason for the alleged difference between the bankruptcy of corporations and natural persons. None had been made in this respect in the original act. Debtors of both classes were within the mischief which the legislation of 1874 was designed to remedy. A large amount of the active business capital of the country is invested in corporate organizations. They largely do business upon credit. Their capital is owned by the shareholders. Creditors as well as stockholders are interested in their successful operation, and bankruptcy is often quite disastrous to both. It cannot readily be believed that congress intended, in a time when it deemed relief from a stringent law necessary, to leave the creditors, and particularly the stockholders in corporations, exposed to its unmitigated severity. It is not the corporation that suffers, but its creditors and the owners of its stock.

Again, the original section 39 applied to bankers, bringing them within the provisions as to involuntary bankruptcy; and the amendatory act of 1874, whose effect is now in question, not only allowed bankers to remain subject to being thrown into bankruptcy, but added, also, for the first time, the words, "any bank," which undeniably means a banking institution owned by a natural person, partnership, or joint stock company, and includes, in my judgment, such an institution when it is incorporated.

This conclusion might be strengthened by other considerations, such as the provisions in the bankrupt act (section 48, now section 5013 of the Revised Statutes) and section 1 of the Revised Statutes, declaring that the word "person" may include and be applied to corporations, but I do not deem it necessary to enlarge the argument. Affirmed.

This case was cited, and its doctrine expressly approved and followed, in Re Oregon Bulletin Printing & Pub. Co. [Case No. 10.561. overruling same case [Id. 10,558]; s. p. Re Detroit Car Works [Id. 3,833].